IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



| | | |
|---|---|---|
| WEBBER, LLC, ET AL., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | NO. 4:12-CV-181-A |
| | § | |
| SYMONS CORPORATION, ET AL., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
and
ORDER

Before the court for decision is the motion of defendant Dayton Superior Corporation ("Dayton") for leave to designate Texas Prestressed Concrete, Inc. ("Texas Prestressed") as a responsible third party. After having considered such motion, the objection thereto of plaintiffs, Webber, LLC ("Webber") and Arch Insurance Company, as subrogee of Juan Rueda and as subrogee of Manuel Patlan ("Arch"), Dayton's response to the objection, and pertinent legal authorities, the court has concluded that Dayton's motion for leave should be granted and that Texas Prestressed should be designated in this action as a responsible third party as contemplated by section 33.004 of the Texas Civil Practice and Remedies Code.

I.

<u>Pertinent Parts of Section 33.004</u>

The parts of section 33.004 that are pertinent to Dayton's motion and plaintiffs' opposition are as follows:

> (a) A defendant may seek to designate a person as a responsible third party by filing a motion for leave to designate that person as a responsible third party. The motion must be filed on or before the 60th day before the trial date unless the court finds good cause to allow the motion to be filed at a later date.
>
> . . . .
>
> (d) A defendant may not designate a person as a responsible third party with respect to a claimant's cause of action after the applicable limitations period on the cause of action has expired with respect to the responsible third party if the defendant has failed to comply with its obligations, if any, to timely disclose that the person may be designated as a responsible third party under the Texas Rules of Civil Procedure.
>
> . . . .
>
> (g) If an objection to the motion for leave is timely filed, the court shall grant leave to designate the person as a responsible third party unless the objecting party establishes:
>
>> (1) that the defendant did not plead sufficient facts concerning the alleged responsibility of the person to satisfy the pleading requirement of the Texas Rules of Civil Procedure; and
>>
>> (2) After having been granted leave to replead, the defendant failed to plead sufficient facts concerning the alleged responsibility of the person to satisfy the pleading requirements of the Texas Rules of Civil Procedure.

> (h) By granting a motion for leave to designate a person as a responsible third party, the person named in the motion is designated as a responsible third party for purposes of this chapter without further action by the court or any party.

Tex. Civ. Prac. & Rem. Code Ann. §§ 33.004(a), (d), (g), and (h).

II.

The Motion for Leave

Plaintiffs alleged in their complaint that Dayton has liability to them for damages arising from two incidents in which a steel hanger supplied by Dayton broke during the construction by Webber of a tollway. In each instance, when the steel hanger broke one of Webber's employees fell to the ground and was injured. Arch seeks reimbursement for the workers' compensation benefits it provided to the injured employees, and Webber seeks damages it alleges it incurred in the construction project as a result of the two incidents.

Dayton alleged in its motion for leave that Texas Prestressed, as a subcontractor of Webber, was responsible for embedding the hangers Dayton supplied into the concrete beams in which the hangers were being used when the incidents occurred and that the process used by Texas Prestressed in causing the hangers to be embedded into the concrete beams was faulty and was a contributing cause to the fracture of the hangers involved in the two incidents.

3

Dayton noted that it satisfied the time element of section 33.004(a) by filing its motion more than sixty days before the trial date in this action. Dayton has set forth in its motion sufficient facts to demonstrate that, if true, the actions and/or omissions of Texas Prestressed caused or contributed to cause the two incidents in question.

III.

Plaintiffs' Objection to Dayton's Motion

Plaintiffs complain, without supporting legal authority, that Dayton's initial disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, while disclosing Texas Prestressed as having knowledge regarding the embedding of the hangers into the beams, failed to disclose an intent to designate Texas Prestressed as potential responsible third party. Included in plaintiffs' response is an argument, again with no supporting legal authority, that a designation of an entity as a responsible third party cannot be made after limitations has expired.

IV.

Analysis

Section 33.004 is substantive in nature, and is not a mere procedural joinder rule, with the consequence that it is to be given effect in an action pending in federal court. The court's reading of section 33.004(d) is that a defendant may designate a

4

person as a responsible third party after the applicable limitations period on the cause of action has expired with respect to the responsible third party unless the defendant "has failed to comply with its obligations, if any, to timely disclose that the person may be designated as a responsible third party under the Texas Rules of Civil Procedure." Tex. Civ. Prac. & Rem. Code Ann. § 33.004(d). So far as the court can determine, the only rules in the Texas Rules of Civil Procedure to which the statute could have reference are Rules 194.2(l) and 194.3. Rule 194.2(l) states in pertinent part that:

> A party may request disclosure of any or all of the following:
>
> (l) the name, address, and telephone number of any person who may be designated as a responsible third party.

Tex. R. Civ. P. 194.2(l). In pertinent part, Rule 194.3 requires the responding party to serve a written response on the requesting party within thirty days after the service of the request.

A plausible argument can be made that the Texas rules of procedure mentioned above are not applicable in this federal court litigation, with the consequence that Dayton cannot be deemed to have failed to comply with any obligation of disclosure under the Texas Rules of Civil Procedure because it had no such

5

obligation. An alternative position would be that for the limited purpose of section 33.004(b) the Texas rules of procedure are applicable in federal court litigation. Even if that were so, Dayton would have had no disclosure obligation because, so far as the court knows, plaintiffs did not request disclosure pertaining to a person who Dayton may designate as a responsible third party. Thus, no matter how the matter is viewed, Dayton is not prohibited by section 33.004(d) from designating a person as a responsible third party after the applicable limitations period on the cause of action has expired with respect to the responsible third party.

For the reasons given above, the court is not persuaded that there is any reason why Dayton should not be permitted to designate Texas Prestressed as a responsible third party in this action.

V.

Order

Therefore,

The court ORDERS that Dayton's motion to designate Texas Prestressed as a responsible third party be, and is hereby, granted, and the court deems that such a designation has occurred.

SIGNED July 3, 2013.

JOHN MCBRYDE
United States District Judge