U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JUL 29 2013

CLERK, U.S. DISTRICT COURT
By_____
    Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

WEBBER, LLC, ET AL.,            §
                                §
        Plaintiffs,             §
                                §
VS.                             §  NO. 4:12-CV-181-A
                                §
DAYTON SUPERIOR CORPORATION,    §
                                §
        Defendant.              §

MEMORANDUM OPINION
and
ORDER

Before the court for consideration and decision is the motion for partial summary judgment filed by plaintiffs, Webber, LLC ("Webber"), and Arch Insurance Company (Arch), as Subrogee of Juan Rueda ("Rueda") and Manuel Patlan ("Patlan"), on June 11, 2013. After having considered such motion, the response thereto of defendant, Dayton Superior Corporation, plaintiffs' reply, the entire summary judgment record, and pertinent legal authorities, the court has concluded that the relief sought by such motion should be denied.

The six grounds of the motion, as summarized therein, are as follows:

1.  The fact the two injured employees were not utilizing fall protection at the time of the accidents cannot be used to support a finding of contributory negligence;

> 2. The product, the C-24 Type 9 APR hanger, was defectively designed;
>
> 3. The C-24 Hanger was defectively marketed because the Defendants did not provide appropriate warnings and instructions;
>
> 4. Defendants breached the express warranties in the contract between Webber and Defendants;
>
> 5. Defendants breached the implied warranties of merchantability and fitness for a particular purpose;
>
> 6. The indemnity provision in the contract entitles Webber to indemnity from Defendants for the compensable injuries suffered by the two employees . . . .

Mot. at 1-2.

The court is not satisfied that the summary judgment record establishes as a matter of law, without genuine dispute, that the product was defectively designed or defectively marketed or that defendant breached any express or implied warranties. The court need not deal with the sixth ground relative to an indemnity provision beyond noting that plaintiffs have not pleaded any theory of recovery based on an indemnity provision.

As to the first ground, the court is inclined to think that plaintiffs are misinterpreting the use defendant is planning to make at the trial of this case of the alleged fault associated with the failure of the injured workmen, Rueda and Patlan, to engage in proper safety practices when their respective accidents

occurred. Defendant's answer to the complaint and response to the motion suggests that defendant's use of any such fault would be pursuant to the authority of chapter 33 of the Texas Civil Practice & Remedies Code.

Chapter 33 applies to "any cause of action based on tort in which a defendant, settling person, or responsible third party is found responsible for a percentage of the harm for which relief is sought," Tex. Civ. Prac. & Rem. Code Ann. § 33.003(a)(1), and provides that "[t]he trier of fact . . . shall determine the defendant's percentage of responsibility . . . with respect to each person's causing or contributing to cause in any way the harm for which recovery of damages is sought, whether by negligent act or omissions . . . by other conduct or activity that violates an applicable legal standard, or by any combination of these," id., 33.003(a)(1). The term "percentage of responsibility" is defined as

> that percentage . . . attributed by the trier of fact to each claimant, each defendant, . . . or each responsible third party with respect to causing or contributing to cause in any way, whether by negligent act or omission, by any defective or unreasonably dangerous product, by other conduct or activity violative of the applicable legal standard, or by any combination of the foregoing, the personal injury, property damage, death, or other harm for which recovery of damages is sought."

Id. at § 33.011(4).

The statute provides that "the court shall reduce the amount of damages to be recovered by the claimant with respect to a cause of action by a percentage equal to the claimant's percentage of responsibility," id. at § 13.012(a), which, as noted above, is defined to mean to the responsibility for the "personal injury . . . or other harm for which recovery of damages is sought," id. at 33.011(4).

Under the clear wording of the statute, if Rueda and Patlan were the plaintiffs, as distinguished from mere vehicles through whom Arch is asserting its subrogation claims, the jury would determine, in each instance, the amount of damages each injured employee suffered as a result of his accident and the percentage of fault of the employee that contributed to cause those damages; and, the court would then reduce that damage amount by the employee's percentage of fault.[1] The court will require further input from the parties on the forms of the questions that would be submitted to the jury in this case to determine the percentage of the employees' damages Arch should receive if the employee is found to have been contributorily at fault, bearing in mind that Arch, as subrogee, will be limited in its recovery to the

---

[1]The discussions re comparative responsibility assumes, arguendo, that the finder of fact would find causative fault on the part of defendant. Also, the court is simplifying the matter by not including the responsible third party in the discussions.

payments it made to or on behalf of the employees pursuant to its obligations as the workers compensation insurer. This subject could be complicated by the real-party-in-interest requirements of Rule 17(a) of the Federal Rules of Civil Procedure and the provisions of section 417.001 of the Texas Labor Code.

As to the damages Webber seeks to recover for its independent losses, which are described in paragraph 16 on page 4 of the second amended complaint, the questions presented to the jury should be rather straightforward. Webber's damages presumably would not be reduced by fault found to be attributable to the employees, but not to Webber. However, if Webber were found to have been at fault in causing its damages, the questions to be answered by the jury as between Webber and defendant could be similar to the following:

> Find from a preponderance of the evidence the percentage of responsibility attributable to each of the following parties for the damages Webber suffered as a proximate result of the occurrence involving Webber's employee ___(Rueda or Patlan)___:
>
> a.   Webber                _____%
> b.   Defendant             _____%
>              Total            100   %

The court anticipates that the parties will confer, and try to reach agreement, on the forms of questions that should be presented to the jury for the jury to make the findings necessary

to enable the court to properly recognize Texas's proportion-of-responsibility scheme as applied to the facts of this case.[2]

For the reasons stated, the court is not in a position to make a ruling in favor of plaintiffs on the existing record as to any of the grounds asserted by them in their motion. Therefore,

The court ORDERS that the relief sought by plaintiffs' motion for partial summary judgment be, and is hereby, denied.

SIGNED July 29, 2013.

_____
JOHN MCBRYDE
United States District Judge

---

[2] The court anticipates submitting this case to the jury by the use of written questions as authorized by Rule 49(a)(1) of the Federal Rules of Civil Procedure. The only instructions that will be included with the questions to be answered by the jury will be those necessary for the jury to understand the meaning of the question and what they are to consider in answering it. The jury will not be given any instructions that will inform it of the legal effect on the outcome of the case of the jury's answers to the written questions.